Ishmael JAFFREE, et al., Plaintiffs,

v.

Fob JAMES, in his official capacities as Governor of the State of Alabama and ex officio member of the State Board of Education; Charles Graddick, in his official capacity as Attorney General for the State of Alabama; John Tyson, Jr., Ron Creel, S.A. Cherry, Ralph Higginbotham, Victor P. Poole, Harold C. Martin, James B. Allen, Jr., and Roscoe Roberts, Jr., in their official capacities as members of the Alabama State Board of Education, Defendants.

Civ. A. No. 82–0792–H.

United States District Court, S.D. Alabama, S.D.

Jan. 14, 1983.

---

Ronnie L. Williams, Mobile, Ala., for plaintiffs.

Anne Neamon, pro se and for petitioners as Friend of Court Citizens for God and Country.

Fob James, III, pro se.

Charles S. Coody, Counsel Director, Div. of Legal Services, Dept. of Education, Montgomery, Ala., for defendants, Tyson, Creel, Cherry, Higginbotham, Poole, Martin, Allen and Roberts.

Bob Sherling, Mobile, Ala., for intervenors.

Maury D. Smith, David R. Boyd, Montgomery, Ala., for Gov. James.

## ORDER

HAND, Chief Judge.

The complaint in this case challenges Senate Bill 8, Alabama Act 82–735, popularly known as "the Prayer Law", Senate Bill 61 (1982), Ala.Code § 16–1–20 (silent meditation), and Ala.Code § 16–1–22.1.

### I.  The Allegations

The complaint in this case alleges that Senate Bill 61 (1982), Senate Bill 8 (1982) and Ala.Code § 16–1–20.1 violate the rights of the plaintiffs to be free from the state endorsement and establishment of any religion.

Senate Bill 61 (1982) provides:

To prescribe a period of time in the public schools, not to exceed fifteen minutes, for the study of the formal procedures followed by the United States Congress which study shall include the reading verbatum of one of the opening prayers given by either the House or the Senate Chaplain at the beginning of the meeting of the United States House or Senate.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section I At the commencement of the first class of each day in all grades in all public schools the teacher in charge of the room in which said class is held shall, for a period of time not exceeding fifteen minutes, instruct the class in the formal procedure followed by the United States Congress.  The study shall include, but not be limited to, the reading verbatum of one of the opening prayers given by either the House or the Senate Chaplain at the beginning of the meeting of the House or Senate.  Any student may select an opening House or Senate prayer from the Congressional Record for use by the class.

Senate Bill 8 (1982) provides as follows:

To provide for a prayer that may be given in the public schools and educational institutions of this state.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section I.  From henceforth, any teacher or professor in any public educational institution within the State of Alabama, recognizing that the Lord God is one, at the beginning of any homeroom or any class, may lead the willing students in the following prayer to God:

Almighty God, You alone are our God. We acknowledge You as the Creator and Supreme Judge of the world.  May Your justice, Your truth, and Your peace

abound this day in the hearts of our countrymen, in the counsels of our government, in the sancity of our homes and in the classrooms of our schools. In the name of our Lord. Amen.

Ala.Code Section 16–1–20.1 provides:

At the commencement of the first class of each day in all grades in all public schools, the teacher in charge of the room in which each such class is held may announce that a period of silence not to exceed one minute in duration shall be observed for meditation or voluntary prayer, and during any such period no other activity shall be engaged in.

## II. Claims for Relief

The state laws are challenged under two separate theories. First, the laws are attacked as being violative of the first amendment to the United States Constitution. The first amendment provides in part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. Amend. I.

The second basis for attacking the laws rests upon a pendent, state-law claim. The amended complaint alleges that the laws in question violate the guarantee of religious freedom found in the Alabama State Constitution. The relevant section provides:

That no religion shall be established by law; that no preference shall be given by law to any religious sect, society, denomination, or mode of worship; that no one shall be compelled by law · to attend any place of worship; nor to pay any tithes, taxes, or other rate for building or repairing any place of worship, or for maintaining any minister or minestry; that no religious test shall be required as a qualification to any office or public trust under this state; and that the civil rights, privileges, and capacities of any citizen shall not be in any manner affected by his religious principles.

Ala. Const. art. I, § 3.

Today in the companion case, *Jaffree v. Board of School Commissioners of Mobile County,* 554 F.Supp. 1104, the Court holds that the establishment clause of the first amendment to the United States Constitution does not bar the states from establishing a religion. In light of the reasoning in that opinion the Court holds that the claims in this case fail to state any claim for which relief could be granted under the federal Constitution.

However, in this case, in addition to the claims for relief under the federal Constitution the plaintiffs have alleged claims under the Alabama State Constitution. Ordinarily, these claims would be within the pendent jurisdiction of the court. Pendent jurisdiction is discretionary. The usual rule is that a federal court should decide any state-law claims which arise from a common nucleus of operative facts and which could ordinarily be expected to be brought in the same action. One well-recognized exception to the exercise of pendent jurisdiction lies where the federal claim is dismissed short of trial. Here this case is being dismissed short of trial, and the Court holds that the better exercise of discretion which is consistent with the limited subject-matter jurisdiction of a federal court mandates that the claims in this case be dismissed.

## III. Order

It is hereby ordered that the claims for relief under the federal Constitution be dismissed for failure to state a claim. It is further ordered that the pendent, state-law claims be dismissed.

The injunction which this Court previously entered is dissolved.

Costs are taxed against the plaintiffs.